The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employee-employer relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer was self-insured with Key Risk Management Services serving as the servicing agent.
4. Plaintiff's average weekly wage is as shown on the Form 22 Wage Chart.
5. Plaintiff was alleging an injury by accident to her leg that occurred on or about March 22, 1995.
6. The defendant-employer is denying liability in this case.
7. The issues to be determined by the Commission are whether plaintiff, in fact, suffered an injury by accident or a specific traumatic incident as alleged; and, if so, what are the compensable consequences.
8. Counsel further stipulated to a set of medical records listed as Stipulated Document No. 1.
9. Defendants' Exhibits No. 1 and 2 were also received into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner with minor modification and finds as follows:
FINDINGS OF FACT
1. On March 22, 1995, plaintiff was working on light duty lifting no greater than ten pounds.
2. On said date, plaintiff developed numbness in her leg.
3. On April 3, 1995, plaintiff gave a recorded statement to Barbara Clark, the Claims Adjuster in this case. In that recorded statement plaintiff indicated that on March 22, 1995 she was pulling some very small orders which did not weigh over ten pounds, and her leg started getting numb and she felt a tingling down in her foot. Plaintiff indicated that she thought her foot was asleep. At approximately 1:30 p.m., plaintiff felt like her leg was swelling, and it was very difficult for her to bend it. When plaintiff reported this condition to her supervisor, she indicated that she did not know what was going on. She further thought that it was coming from her medication.
4. When talking to the Claims Adjuster, plaintiff did not describe any event, such as bending, twisting, turning, or lifting which resulted in the onset of pain or numbness of any type prior to the onset of symptoms.
5. Plaintiff's testimony at the hearing was quite different from what she told her employer and the Claims Adjuster. The Deputy Commissioner accorded more weight to the documented evidence that was offered into evidence.
6. Based upon the greater weight of the evidence, plaintiff's condition developed gradually and was not the result of an accident arising out of and in the course of her employment.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer on March 22, 1995. G.S. § 97-2 (6).
2. Since plaintiff did not carry her burden of proof in this case, she is not entitled to compensation under the workers' compensation act.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
 S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
BSB/cnp/rst 2/7/97